| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>Steven R. Neuner, Esq. ID number: SN8682<br>**Neuner and Ventura LLP**<br>Willow Ridge Executive Office Park,<br>750 Route 73 South, Suite 210<br>Marlton, NJ 08053-4133<br>(856) 596-2828<br>Attorneys for Barry Sharer, Trustee | |
| **In re: Benjey and Linda M. Blumberg** | |
| **Barry Sharer, Trustee**<br>Plaintiff(s) | Chapter 7 |
| vs.<br>**Benjey M. Blumberg**<br>**Equifirst Corporation;**<br>**Sterling Bank;**<br>**Fleet Bank; and**<br>**"John Doe" a Fictitious Name**<br><br>Defendant(s) | Case No. 04-32654/JHW<br><br>Adversary No. |

**COMPLAINT TO REVOKE DISCHARGE, AVOID JUDGMENTS
AND LIENS, AND RECOVER POST-PETITION TRANSFERS**

**Jurisdiction and Venue**

1. The above-captioned bankruptcy case was commenced on July 8, 2004 ["**the Petition Date**"] by filing of a Petition seeking relief under Chapter 7. That case remains pending in this District.

2. Barry Sharer, Trustee is the duly appointed and acting trustee, having been appointed on July 13, 2004 and such appointment having been accepted.

3. This Court has jurisdiction pursuant to 28 U.S.C. 1334 and 28 U.S.C. §157.

4. Venue is properly laid in this district pursuant to 28 U.S.C. §1409.

5. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

6. "John Doe" is a fictitious name for one or more persons, whose identities are presently

unknown to plaintiff, who have received proceeds of any transfers sought to be avoided and recovered herein.

### COUNT 1-Avoidance of Mortgages as Post-Petition Transfers

7. At all times material hereto, the debtors were the joint owners of residential real estate at 3 Oak Terrace, in the Borough of Merchantville, Camden County, New Jersey. In this Complaint, this is called "**the Residence**".

8. The Residence is and was property of the Debtors bankruptcy Estate.

9. On the Petition Date, Sterling Bank did not have any properly recorded mortgage or otherwise perfected security interest in the Residence.

10. On the Petition Date, Equifirst Corporation did not have any properly recorded mortgage or otherwise perfected security interest in the Residence.

11. On August 24, 2005, there was recorded in the Offices of the Camden County Clerk in Mortgage Book 7929, page 1797 a Mortgage, dated January 22, 2003, in the amount of $150,000.00 made by Benjey M. Blumberg and Linda M. Blumberg to Sterling Bank. This Mortgage is called "**the Sterling Bank Mortgage**".

12. The recording of the Sterling Bank Mortgage constitutes a post-petition transfer of property of the Estate.

13. The recording of the Sterling Bank Mortgage was not authorized by any order of this Court or by any applicable provision of the Bankruptcy Code.

14. On April 20, 2005, there was recorded in the Offices of the Camden County Clerk in Mortgage Book 7797, page 1338 a Mortgage dated April 8, 2005 made by Benjey M. Blumberg and Linda M. Blumberg, Husband and Wife to Defendant Equifirst Corporation. This Mortgage

is called "**the Equifirst Mortgage**".

15. The recording of the Equifirst Mortgage constitutes a post-petition transfer of property of the Estate.

16. The recording of the Equifirst Mortgage was not authorized by any order of this Court or by any applicable provision of the Bankruptcy Code.

**WHEREFORE,** Plaintiff, Barry Sharer, Trustee requests the following relief:

- A. Avoiding the Sterling Bank Mortgage as a post-petition transfer pursuant to Code section 549.

- B. Avoiding the Equifirst Mortgage as a post-petition transfer pursuant to Code section 549.

- C. Judgment against Sterling Bank, Equifirst Corp. and/or "John Doe" for the value if any received by such transferees, pursuant to Code section 550.

- D. Such other and further relief as this Court shall find equitable, just or proper.

### COUNT 2-Revocation of Discharge

17. All the foregoing allegations are incorporated herein by reference.

18. The Debtors received a Discharge on October 8, 2004.

19. On information and belief, the Debtor obtained a loan from Equifirst Corporation post-petition in the amount of $220,000.00 as evidenced by the Equifirst Mortgage.

20. On information and belief, the amount of such loan substantially exceeded any pre-existing mortgages on the Residence.

21. On information and belief, the Debtors personally received substantial monies from such loan.

22. The Debtors entered into these post-petition loan transactions without the knowledge

of or any authorization of the Trustee or the Court.

23. On information and belief, the Debtors have obtained monies from such loan fraudulently, and at the expense of the Estate.

24. The Debtors have obtained or retained, through such loans, monies or property of the Estate.

25. The Debtors have knowingly and fraudulently failed to report the acquisition of such property, or to deliver it to the Trustee.

**WHEREFORE,** Plaintiff, Barry Sharer, Trustee requests the following relief:

    A.    Revoking the Debtor's Discharge pursuant to Code section 727(d)(1).

    B.    Revoking the Debtor's Discharge pursuant to Code section 727(d)(2)

    C.    Judgment against the Debtors and/or "John Doe" for the full amount of any monies received upon such transfers, pursuant to Code section 550

    D.    Such other and further relief as this Court shall find equitable, just or proper.

## COUNT 3-Avoiding Judgment Liens

26. All the foregoing allegations are incorporated herein by reference.

27. Fleet Bank is the holder of a judgment entered May 14, 2004 in the Superior Court of New Jersey under Judgment number J-00117548-2004 in the amount of $17,053.23.

28. On information and belief, Fleet Bank has never levied upon the Residence upon such judgment.

**WHEREFORE,** Plaintiff, Barry Sharer, Trustee requests the following relief:

    A.    Avoiding the judgment lien of Fleet Bank pursuant to Code section 544.

    B.    Such other and further relief as this Court shall find equitable, just or proper.

Neuner and Ventura LLP
Attorneys for Barry Sharer, Trustee, Plaintiff

/s/ *Steven R. Neuner, Esq.*
Steven R. Neuner, Esq.
October 6, 2005

[N:\WP\srn\Blumberg\discharge revocation complaint.wpd]