UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
Steven R. Neuner, Esq. ID number: SN8682
**Neuner and Ventura LLP**
Willow Ridge Executive Office Park,
750 Route 73 South, Suite 210
Marlton, NJ 08053-4133
(856) 596-2828
Attorneys for Barry Sharer, Trustee

**In re: Benjey and Linda M. Blumberg**

**Barry Sharer, Trustee**
Plaintiff(s)

**vs.**

**Benjey M. Blumberg**
**Equifirst Corporation;**
**Sterling Bank;**
**Bank of America N.A, successor to Fleet Bank;**
**and "John Doe" a Fictitious Name**

Defendant(s)

Chapter 7

Case No. 04-32654/JHW

Adversary No. 05-2781

## STIPULATION OF SETTLEMENT

Plaintiff, Barry Sharer, Trustee [called herein **"Trustee"**], and Defendant(s), Equifirst

Corporation ["**Equifirst**"] and Debtors Benjey and Linda Blumberg, [called herein **"Debtors"** ],

individually or by the undersigned attorneys or authorized agents, agree to the following terms of

settlement:

1.      Equifirst and Debtors shall together pay to the Trustee by no later than May 8, 2006, the

        sum of Seventy Two Thousand Dollars ($72,000.00). ["**the Settlement Payment**"]. Of

        this amount, $70,000.00 shall be paid on behalf of Equifirst, by its title insurer, Fidelity

        National Title, and $2000.00 shall be paid by the Debtors. If this settlement is not then

approved, these monies shall be held in escrow by the Trustee pending court approval of

this Agreement, and if necessary, any of the Side Agreements referenced in paragraph 5

below.

2.    Pursuant to Code section 726, the Trustee shall use and apply the Settlement Payment to

pay and satisfy all administrative expense claims in the above Estate, plus payment in full

of all allowed claims, plus post-petition interest on such claims calculated at 2.2% per

annum to the estimated date of disbursement. This total is called "**the Full**

**Administration Amount**".

3.    Equifirst shall have and be allowed a Surplus Claim, pursuant to Code section 726(a)(6)

for any amounts left after distribution of the Full Administration Amount. The Debtors

waive any right to any claim against any such surplus.

4.    The Debtors and Equifirst reserve all rights to object to allowance of any fees or expenses

of the Trustee on the basis of reasonableness. However, no such objection to any trustee

compensation may be based on any claim or argument that Code section 330 applies to

such compensation. Instead, the parties agree and intend that the Trustee compensation be

treated as a commission.

5.    This settlement and the Settlement Amount are conditioned on and predicated on each of

the following:

a.    Sterling Bank and Stan and Cora Klett shall each have executed and filed a full

and unconditional withdrawal and waiver of their respective unsecured claims.

Separate arrangements have been made by and between each of them and the

Stipulation of Settlement                                                                April 7, 2006 (12:04pm)
Sharer v Blumberg
Adv. No. 05-2781

Debtors .

b.      Equifirst shall be entitled to retain is existing mortgage on the debtor's residence, pursuant to separate agreements between it and the Debtor.

c.      Each of the separate arrangements between the Debtors and Equifirst, Sterling Bank, or the Kletts [collectively called herein "**the Side Agreements**"] shall be finalized and approved within 30 days of execution of this Agreement. The Debtors shall bear all costs and expense of negotiating and obtaining court approval of such Side Agreements. However, the Trustee shall not oppose approval of any such Side Agreement if not inconsistent with this Stipulation.

d.      Bank of America as successor to Fleet Bank, shall have an allowed unsecured claim. This is provided for in a separate order of the Court issued on the Trustee's Motion to Expunge etc Claims.

6.      **Tax Matters.** For all applicable tax purposes, the monies paid to Trustee are and shall be treated as consideration for the sale and transfer to Trustee of the interest of the Debtors in their residence at 3 Oak Terrace, Merchantville, New Jersey.. Debtors each state, warrant and represent that for at least 2 of the past 5 years, the Debtors occupied the Residence as their personal residence and have never declared or sought deduction of any part of the property as a business location, for tax purposes. Debtors understand that the Trustee will rely on this statement in filing tax returns for the Bankruptcy Estate treating the payment of money under this Agreement as a payment for the sale, transfer and release of the Debtor's interest in the Residence, and will claim, in such return, any

exclusions or exemptions that are or were available to the Debtor as of the Petition filing

date. Debtors agree to this tax treatment, and any returns or filing they may make with

any taxing authorities shall, insofar as necessary, reflect this.

7.      Contemporaneously with execution of this Settlement Agreement and Mutual Release, all

parties will execute a Stipulation discontinuing the above-captioned pending  adversary

proceeding with prejudice. Upon approval of the settlement by the Bankruptcy Court, and

payment of the Settlement Amount to the Trustee in good funds, and satisfaction of the

foregoing conditions,  plaintiff's counsel will promptly file the Stipulation with the Court.

8.       In consideration of the arrangements set forth in this Agreement and conditional upon

full performance under this Agreement by Equifirst, the Trustee hereby releases and

forever discharges Equifirst and the Debtors  from all suits, actions, debts, claims or

demands, whether legal or equitable, known or unknown, matured or unmatured he  may

have against any of them arising from the issues or matters which are the subject of the

Complaint and any responsive pleadings. This includes, without limitation, all claims or

causes of action to revoke the Debtors' discharge, or to seek against Equifirst, avoidance

of its mortgage lien or recovery of damages or costs. This does not apply to any claims or

any rights the Trustee  may have under this Agreement or for breach or enforcement

thereof.

9.      In consideration of the arrangements set forth in this Agreement and conditional upon full

performance under this Agreement by the Trustee, the Debtors and Equifirst hereby

releases and forever discharge the Trustee and any of his professionals, agents or

representatives  from all suits, actions, debts, claims or demands, whether legal or

equitable, known or unknown, matured or unmatured they or any of them  may have

against any of those release parties arising from anything which has happened to date.

This does not apply to any claims or any rights any party may have under this Agreement

or for breach or enforcement thereof..

10.    Except as otherwise set forth in this agreement, all parties shall bear the expense of their

own attorneys fees or other costs connected with the Action.

11.    **Default, Remedies and Enforcement.** Any party hereto shall be in breach and default of

its obligations if, ten days after receiving written notice of failure to perform an obligation

due at the time of notice, that party fails to make any payment or perform any other act

that party is required to perform by this agreement. Such notice may be made by personal

delivery, facsimile transmission or certified mail to the party and the party's attorney

signing below, at the last known address for each. Upon default, all future installments of

payment, and all obligations of future performance shall become immediately due. In any

motion, suit or other proceeding to enforce this agreement, a party found to have breached

this agreement shall be liable to the injured party seeking enforcement for reasonable

attorneys fees and court costs expended to obtain enforcement, and interest at 12% per

annum on amounts unpaid from the date of default, in addition to any other legal or

equitable remedies to which the enforcing party may be entitled.

12.    This Settlement Agreement and Mutual Release, as well as performance of the promises

made herein effect the settlement of contested claims and litigation.  Except as

Stipulation of Settlement                                              April 7, 2006 (12:04pm)
Sharer v Blumberg
Adv. No. 05-2781

specifically stated in the next paragraph, neither the execution of this agreement nor

performance of any the promises made herein shall be construed as an admission by any

party or any other person.  Each party hereto denies any such liability. The parties agree

that the releases, promises and actual undertakings made in this settlement are full,

reasonable, fair and adequate consideration for each other, and are intended as a

contemporaneous exchange of value.

13.    Each party hereto acknowledges, warrants and represents to all other parties that such

party (a) has been represented by independent legal counsel of his/her own choice

throughout all negotiations that preceded the execution of this agreement; (b)  has

executed this agreement with the consent and/or the advice of that independent legal

counsel; (c) has read this agreement and fully understands its terms; (d)  has executed this

agreement willingly and freely.

14.    Each person signing below as attorney, officer, partner or other agent of any party

personally warrants and represents that he/she is fully authorized by the party represented

to enter into this settlement on the terms stated herein, as that party's legal act.

15.    This settlement is binding on each of the parties thereto and all persons who succeed to

any of their respective obligations, rights or interests in it.

16.     This settlement is subject to approval by the United States Bankruptcy Court for the

District of New Jersey in the above captioned matter, on proper notice to creditors

pursuant to F.R.B.P. 2002. Plaintiff shall submit this settlement to the court for noticing

as soon as practicable after Plaintiff receives a fully executed copy of this stipulation. The

settlement shall be considered "finally approved" only upon issuance by the Clerk of a

Certificate of No Objections after notice as provided for in this paragraph or, if an Order

is issued approving the settlement,  upon expiration of the time for appeal under F.R.B.P.

8002 from such order.

17.     **Entirety of Agreement:** Except for the separate agreements and arrangements between

the Debtors and Equifirst or others, to which the Trustee is not a party, this document

contains the entire Agreement between the parties, and supersedes all previous

agreements, statements or claims made between them.  There are no other promises or

statements relied upon by any party regarding any subject referred to in this Agreement

which are not contained herein.  Any modifications of this Agreement must be in writing

and signed by all parties to be enforceable.

18.      To the extent state law is applicable to this agreement, the laws of the State of New

Jersey shall apply to the interpretation, application or enforcement of this Agreement,

without regard to conflicts of law principles.

19.      All matters relating to interpretation, application or enforcement of this agreement shall

be decided by the U.S. Bankruptcy Court in the above-captioned matter, which court shall

have exclusive jurisdiction as a core matter. All parties hereto agree to submit to

jurisdiction of that court.

20.     This settlement agreement  may be executed in counterparts without affecting its validity

and each such signature shall be deemed a signature agreeing to all terms and conditions

stated herein. The undersigned counsel for Barry Sharer, Trustee  may rely on a faxed

copy or photocopy of an original signature, if mailed or faxed, for purposes of arranging

notice of this settlement in the Bankruptcy Court, but all parties shall forward to the

undersigned counsel for Barry Sharer, Trustee the original signatures as soon as

practicable.

Neuner and Ventura LLP
Attorneys for Barry Sharer, Trustee


By: */s/  Steven R. Neuner, Esq.         Dated:    April 24,  2006*
    Steven R. Neuner, Esq.

Cooper Levenson April Niedelman & Wagenheim PA
Attorneys for Equifirst Corporation and Fidelity National Title Insurance Company


By: */s/  Alan R. Angelo, Esquire,*        Dated: April 11,  2006
    Alan R. Angelo, Esquire

Attorneys for Debtors Benjey and Linda Blumberg


*By: /s/ David Kasen Esq.*           Dated: April 21,  2006
    David Kasen Esq.

[N:\WP\srn\Blumberg\adversary settlement stip.wpd]